**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4135

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TARRELL LESHAUN WILLIAMS, a/k/a Lashawn Williams, a/k/a Tarrell Lashawn Williams, a/k/a Tarell Leshawn Williams, a/k/a Tarrell Lashon, a/k/a Terrell Lawshawn Williams, a/k/a Tirrell Williams,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:22-cr-00017-MR-WCM-1)

Submitted:  April 23, 2026                        Decided:  June 2, 2026

Before AGEE and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  D. Baker McIntyre, III, Charlotte, North Carolina, for Appellant.  Russ Ferguson, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a two-day trial in January 2023, a jury convicted Tarrell Leshaun Williams of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). At sentencing, the district court found that Williams qualified as an armed career criminal pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The district court imposed a 180-month sentence. On appeal, Williams argues that his ACCA designation should have been determined by the jury, not the district court. Williams also argues that he did not commit three predicate crimes on different occasions. In light of our ruling in *United States v. Brown*, 136 F.4th 87 (4th Cir. 2025), we find any error in this regard to be harmless.

Following the Supreme Court's decision in *Erlinger v. United States*, the district court erred in deciding that Williams's ACCA predicate convictions involved crimes that were "committed on occasions different from one another," 18 U.S.C. § 924(e)(1), rather than submitting the question to the jury for determination. 602 U.S. 821, 834 (2024). Indeed, it is now clear that a jury must make the different occasions finding "unanimously and beyond a reasonable doubt." *Id.* at 835.

However, this error does not require remand if the government can demonstrate that the error was harmless beyond a reasonable doubt. *Brown*, 136 F.4th 96 (rejecting defendant's argument that *Erlinger* error is "per se prejudicial and instead conclud[ing] that it is subject to harmless-error review" (internal quotation marks omitted)). To determine whether the error was harmless, we must consider "whether proof of the missing fact or element was overwhelming and uncontroverted so as to be able to determine

2

conclusively that a jury would have found the fact or element beyond a reasonable doubt." *Id.*; *see United States v. Legins*, 34 F.4th 304, 322 (4th Cir. 2022) (explaining that, failing "to include a sentence-enhancing factor in the indictment and jury charge should be treated exactly like its failure to include any other element of an offense. And the proper way to perform harmless-error analysis . . . is to ask whether proof of the missing element is overwhelming and uncontroverted." (internal quotation marks omitted)).

Here, Williams's presentence report—the accuracy of which Williams did not contest with respect to the facts relevant to the ACCA designation—establishes that the qualifying ACCA predicate crimes occurred on at least three separate dates between May 1999 and March 2014 and had no legally significant connection to one another. *See Wooden v. United States*, 595 U.S. 360, 366, 369-70 (2022) ("Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events."). Thus, we conclude that no reasonable jury could have found that the predicate crimes were committed on the same occasion. *See Brown*, 136 F.4th at 98-99 (rejecting defendant's position that robberies, which were committed two months apart, occurred "on the same occasion because they shared a common scheme or purpose"). As in *Brown*, our review of the record convinces us that "there is no question as to how a properly instructed jury would have resolved the 'different occasions' inquiry in this case." *Id.* at 99.

3

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*